**STATE of Missouri, Respondent,**

**v.**

**James Walter HENDRIX and Doyle Ronald Layton, Appellants.**

**No. 54747.**

Supreme Court of Missouri,
Division No. 2.

April 13, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied May 11, 1970.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

Shaw, Hanks & Bornschein, Clayton, for appellants.

STOCKARD, Commissioner.

Defendants James Walter Hendrix and Doyle Ronald Layton were each charged under the Second Offender Act with burglary first degree and stealing in connection with the burglary, and after being found guilty by a jury of each offense, the court sentenced each defendant to confinement by the Department of Corrections as follows: Hendrix—twelve years for the burglary and three years for the stealing to be served consecutively; Layton—twelve years and four months for the burglary and three years for the stealing to be served consecutively.

From the evidence offered by the State a jury reasonably could find the occurrence of the following events.

William Hendley, 80 years of age at the time of trial, lived alone in Bloomfield, Missouri. On December 26, 1968, he had some work done on the furnace at his house by Mr. Ochel Grim who had defendant Hendrix with him, apparently as his helper. Mr. Hendley paid Mr. Grim $12 and defendant Hendrix $3.50, and in making payment he opened his billfold in which there was visible a substantial sum of money in bills. That night, after Mr. Hendley had gone to bed and was asleep, he was awakened by defendants Hendrix and Layton who had entered his house by breaking out a window. Defendant Layton slapped and knocked Mr. Hendley back down on the bed. The defendants took a roll of bills held together by a rubber band totaling $785 which was under the sheet of the bed and on the mattress. The following day, December 27, defendant purchased a 1958 Ford automobile for $20 and paid cash. On the same day defendant Hendrix contributed $40 to $60 in cash toward the purchase price of an automobile by Virgil Mace from the Bowden Dodge Company. On the evening of December 27, defendant Hendrix, Virgil Mace, and Anna Mae Finney drove to St. Louis, and the expenses of the trip, including food and a motel bill, were paid by defendant Hendrix. While in a cafe Hendrix placed

a rubber band in an ash tray and left it there. Defendants did not testify and offered no evidence.

One of the defendants' points on appeal is that the court erred in refusing to sustain their motion for acquittal because there was no substantial evidence that defendants were the ones who committed the offenses charged.

Mr. Hendley identified the defendants in the courtroom as the two persons who awakened him and took his money. Defendants argue, however, that when asked who struck him he first pointed at Hendrix and later said it was Layton, so he was not certain which defendant struck him, and that "if he could not identify either of these two men as the one who struck him without guessing, then he was guessing when he said that the two men on trial were the ones that were in his house on the evening in question."

■ It would be immaterial which of the two defendants struck Mr. Hendley, State v. Gregory, Mo., 406 S.W.2d 662, and assuming defendants were correct in their assertion that Mr. Hendley could not state with assurance who struck him, that would not destroy his identification of the two defendants as the ones who entered his house and robbed him. At most it would be a matter to be considered by the jury. However, our reading of the transcript does not bear out defendants' contention. When asked if he could identify in the courtroom "one of them here today if you were to see him," Mr. Hendley replied, "I believe I would, the one that was around my bed." He then said, referring to Hendrix, "that old boy with the blue coat on there." When asked what Hendrix did at the house, Mr. Hendley said he "just stood up beside the bed * * * but that little one [Layton] * * * is the one that fooled around with my head and pillow * * * and took my money." On cross-examination he was asked: "You're saying today that the taller boy, the bigger boy [Hendrix] is the one

who hit you?" He replied, "Seems like that one with the striped shirt," which was Layton, and he repeated that the "smaller boy there was the one." Reference was then made to a deposition, and Mr. Hendley's testimony when he stated: "One boy, the tallest one, stood down at the foot of the bed * * * and the other fooled around me, and so I just kind of raised up to see what was going on. I felt them around the bed, and he whammed me and knocked me down." Then in the courtroom Mr. Hendley again said that the smallest boy was the one who hit him. We see no inconsistency in the testimony of Mr. Hendley. This contention of defendants is without merit.

■ Defendants assert the trial court erred in failing to declare a mistrial "because of the emotional and flamatory [sic] conduct of William Hendley."

During the voir dire examination of the jury, Mr. Hendley was not in the courtroom, but defense counsel requested that he be brought in. The transcript then shows the following:

"Mr. Arnold: [defense counsel] Now, Your Honor, at this time I am going to ask for a mistrial because this sort of conduct on the part of the prosecuting witness, by his moaning and groaning, is not going to create an atmosphere here where I can try this case without bias and prejudice. This is the same thing we had the other day in the depositions, and certainly we can't proceed under this sort of environment."

Following some discussion the court commented that what defense counsel described as groans "could be described as heavy breathing by others." The record shows that Mr. Hendley was then 80 years of age and that he was hard of hearing. Just precisely what the noises were that Mr. Hendley was making is not shown by the record except the above description by defense counsel and by the court. There is nothing to indicate that the noises were

unnecessarily made. After defense counsel asked some questions of the jury panel directed to whether any were personally acquainted with Mr. Hendley, the court directed that he not remain in the courtroom except when testifying.

The trial court observed the incident, and determined that a mistrial was not called for. There is nothing to indicate an abuse of discretion.

■ Defendants contend that "the error" in not declaring a mistrial because of the noises made by Mr. Hendley, which we rule was not error, "was compounded by the court's refusal to give Instruction D–5." No cases are cited and no reason is assigned. He argues that the conduct of Mr. Hendley "was a demonstration * * * calculated to arouse the sympathies or passions of the jury." We disagree that the transcript shows that a "demonstration" occurred.

The first part of instruction D–5, requested by defendants, was almost identical with Instruction 1, which was given. The last sentence of Instruction D–5 was as follows: "The jury have no right to permit their feelings of sympathy to interfere with their duty, whatever that may be under the law and evidence." Defendants' contention must rest on the failure to give an instruction containing this sentence, and we conclude that there was nothing to require it. The giving of a cautionary instruction is discretionary on the part of the trial court, State v. Hinojosa, Mo., 242 S.W.2d 1, and we find no abuse of discretion. In addition, the requested sentence was a part of an instruction which was covered by other instructions, and there was no duty on the court to break down such an instruction and give a portion of it.

■ Defendants next assert that the court erred in "failing to declare a mistrial or to sustain [their] motion for judgment of acquittal after allowing into evidence testimony concerning the purchase of a car from Bowden Dodge which testimony was immaterial to the issues and incompetent to prove any of the issues." Apparently the point is so worded in an effort to escape the effect of not objecting to the testimony. However, the testimony did have some relevancy to the issue. It showed that a few hours after the burglary defendant Hendrix had money on his person which he gave to Virgil Mace to purchase the automobile. No mistrial was requested, and this evidence did not destroy the submissible case otherwise established. Therefore, no judgment of acquittal was authorized.

Defendants next challenge the admission into evidence of six photographs showing Mr. Hendley "in his injured condition, all of which photographs were prejudicially inflammatory and prejudicial." These exhibits have not been filed with this court, but from the record it appears that the photographs were taken by a highway patrolman on December 30, three days after the burglary. All of them showed the appearance of Mr. Hendley and the wounds he received at the time of the assault upon him.

■ The admission of photographic evidence, when otherwise relevant, is a matter subject to the sound discretion of the trial court. State v. Robinson, Mo., 328 S.W.2d 667, 671. It appears from the description of the photographs by the patrolman at the time they were admitted, that they tended to corroborate Mr. Hendley's testimony as to his being struck by one of the defendants. Without being able to examine them we cannot say they were unnecessarily gruesome or inflammatory.

■ Defendants' remaining contention is that the trial court erred in refusing to give Instruction D–1, a burden of proof instruction, because Instruction 3, which was given, "failed to inform the jury with sufficient emphasis" that, as stated in the requested Instruction D–1, a verdict of guilty cannot be based upon "a suspicion, or possibility or probability of their guilt nor can their guilt be arrived at by guessing or by compromise, but the testimony must be of such nature that when you have considered it all, you find a clear and abiding

conviction of the guilt of the defendants beyond a reasonable doubt. This much is required by law; if this much has not been proven, you will acquit the defendants." Defendants cite no authority that failure to place the above language in a burden of proof instruction, when the usual burden of proof instruction is given, constitutes error, and we have found none. The portion of Instruction D–1 referred to really amounts to a wordy comment on the evidence, and it is another way of defining reasonable doubt, which was defined in Instruction 3. We find no error in refusing the instruction.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and JENSEN, Special Judge, concur.

FINCH, J., not sitting.