**Fred Park CHEEK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57256.**

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

George E. Sullivan, O'Fallon, for movant-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Rule 27.26, V.A.M.R., seeking to set aside judgment and sentence of life imprisonment on jury verdict of guilt on charge of murder in the first degree. The judgment of the trial court was affirmed on direct appeal. State v. Cheek, Mo.Sup., 413 S.W.2d 231.

The findings of the trial court, made after an evidentiary hearing at which movant testified, adduced other testimony in his behalf, and at which the state produced testimony from police officers who participated in the arrest and questioned interrogation of movant, are as follows:

"On January 19, 1966, the Movant, Fred Park Cheek, was found guilty of Murder First Degree and was sentenced to life imprisonment on February 21, 1966.

"On March 25, 1970, defendant filed a Motion as provided by Supreme Court Rule 27.26 in which it is claimed that defendant's confession should have been held inadmissible due to a) prolonged interroga-

tion and b) denial of his right to consult with his attorney and friends, and also c) the prejudicial remarks by the attorney for the State in the closing argument.

"Evidence presented at the hearing of this Motion was that when Movant was in custody he sat mute until confronted with the gun that was recovered. At this time, when 'the finger of suspicion pointed directly to Cheek' according to Movant's brief, he was advised of his rights and then gave his first statement.

"There is no indication, except in Movant's own present testimony, that he requested to see his attorney until after the confessions were made. In ESCOBEDO vs. ILLINOIS 378US488 [478], 12 L.Ed.2d 977, 84 S.Ct. 1758, the case cited by Movant, the defendants attorney was waiting in the next room, however in the case at bar the suspect was advised of his rights and there is no indication of a request at any time to stop the interrogation or the taped statement. He also admitted on cross-examination at the Motion hearing that he was not physically abused or forced to make a confession.

"The interrogation was not unduly prolonged in view of the fact that there were several other people being questioned at the same time, and the defendant was not questioned extensively until after being confronted with the gun around 4 o'clock in the morning, soon after which a voluntary confession was signed. The friends and relatives of the defendant did not arrive until after the confession was completed thus having no effect upon the admissibility of that statement. Visitation rights are a discretionary matter for the police and there appears to be no abuse in that discretion in this instance.

"At no time during the jury trial did Movant raise the allegations he now makes on this Motion; at that time, when the circumstances were fresher in his memory, his testimony was to the contrary. It is only after the Movant has been confined in the State Penitentiary for a number of years that he now changes his testimony in this Motion, thereby casting serious doubts upon his credibility.

\* \* \*

"The Court finds beyond a reasonable doubt that the defendant has failed to prove the allegations in his Motion and has failed to prove that he was denied his constitutional rights and a fair consideration on the finding of guilty."

On this appeal, appellant's points are as follows:

"The trial court improperly denied defendant's motion under Supreme Court Rule 27.26, in that appellant had been denied his right to counsel, as guaranteed by both the Missouri and United States Constitutions.

"The trial court improperly denied appellant's motion under Supreme Court Rule 27.26, in that, at the trial of the case, a statement was admitted which was not voluntary and was secured under conditions that were highly coercive by their nature, thus denying the defendant his constitutional right to due process and equal protection of the law."

No good purpose would be served by here reciting at length the evidence heard and considered by the court at the 27.26 evidentiary hearing. Appellant's argument here is based upon the appellant's version of the events as evidenced by the statement of facts in his brief which is based upon the testimony of the movant, with only three references to the evidence adduced by the state. Movant's testimony was contradicted by the testimony of the state's witnesses. Appellant in no manner has demonstrated that the trial court's findings lack evidentiary basis. There has been no demonstration that the trial court's resolution of the credibility issue contrary to appellant was erroneous. In summary, there is no demonstration that the findings and judgment of the trial court are clearly erroneous. Therefore, its judgment must be affirmed. Rule 27.26(j), V.A.M.R. See

Crosswhite v. State, Mo.Sup., 426 S.W.2d 67; State v. Mountjoy, Mo.Sup., 420 S.W. 2d 316.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.