**Edward BURSE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 34840.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 13, 1973.

William R. Kirby, St. Louis, for appellant.

John C. Danforth, Atty. Gen. by G. Michael O'Neal, Jefferson, City, and Charles Blackmar, Spec. Asst. Atty. Gen. and J. Brendan Ryan, Circuit Atty. by Nels C. Moss, Jr., St. Louis, for respondent.

KELLY, Judge.

This is an appeal from an order overruling a motion to vacate judgment and sentence. Rule 27.26, V.A.M.R.

Edward Burse, appellant herein (hereinafter referred to as movant) on the 19th day of October, 1970, entered a plea of guilty to a reduced charge of manslaughter and was sentenced to imprisonment for ten years in the custody of the Department of Corrections of the State of Missouri. At the time of sentencing the court allowed him twelve months of his jail time towards the term of the sentence.

On March 8, 1971, he filed a motion, in forma pauperis, to vacate judgment and sentence and counsel was appointed to represent him. Thereafter, appointed counsel filed a supplemental motion to vacate. An evidentiary hearing was held, and the trial court entered its findings of fact and conclusions of law and denied movant's motion to vacate judgment and sentence.

On appeal movant contends that the trial court erred in overruling movant's motion in the following respects:

1. counsel for movant promised the movant that on a plea of guilty to manslaughter he would receive a sentence of five years; that, therefore, the court failed to appoint effective counsel to represent movant;

2. the trial court failed to advise the movant that if he waived his fundamental constitutional rights and entered a plea of guilty to a charge of manslaughter he would receive the maximum punishment for that charge.

At the evidentiary hearing movant offered himself as his only witness and he testified as follows: prior to entering the plea of guilty he had been tried and convicted of murder in the second degree by a jury and sentenced to 18 years in the Missouri Department of Corrections; that his court-appointed counsel raised 39 points of alleged trial error in a motion for new trial and on the basis of one of these he was given a new trial;[1] that he entered a plea of guilty to a charge of manslaughter because he had been led to believe that he would receive a sentence of five years in the Missouri Department of Corrections by his court-appointed counsel, and that at the time this plea was entered he was advised how to answer the questions which would be propounded to him by the judge so that the court would accept his plea; that at

---

1. Error in an instruction was the reason given by the trial court for granting movant a new trial.

the time he entered this plea he was under the influence of Benzadril, which made him drowsy and sleepy and that his plea was induced by fear that he was going to be "hijacked into the penitentiary." The transcript of the plea entry was judicially noticed by the court at the request of the assistant circuit attorney.

The State introduced the testimony of the court-appointed counsel who testified relative to their investigation of the case against the movant; that they interviewed the counsel who conducted the jury trial and was subsequently permitted to withdraw; that, in the presence of the movant, they took the depositions of five of the state's witnesses (which, as is too often the case, they paid for out of their own finances), and concluded that movant's self-defense theory would not be effective in view of the fact that the victim's body bore 15 stab wounds; that they consulted with the movant on at least 9 occasions prior to the date he entered his plea; that on the morning of October 19, 1970, they consulted with the movant on at least three separate occasions while they bargained with the assistant circuit attorney for possible disposition of the case on plea; that it was the movant who suggested the five year sentence to them, after talking about lesser sentences, e. g., two and three years, but that the assistant circuit attorney was at first adamant about reducing the charge or the sentence below the 18 years previously imposed by the jury in the prior trial; that finally it was agreed by the movant that if the charge was reduced to manslaughter and the state would recommend ten years, he would plea to the reduced charge; that they instructed him that the court was not bound by the recommendation of the assistant circuit attorney, but that 10 years was the most the court could give him on a plea to a charge of manslaughter, and whether or not the court would allow him his jail time was up to the court. They both testified that at different times the movant was advised of all of his constitutional rights and that he,

it was, who made the final decision to enter the plea. Both counsel testified that at no time did movant advise them he was on Benzadril and when he entered his plea he appeared alert and did not appear to them to be under the influence of any drug.

The transcript of the guilty plea demonstrated fully that the court inquired of movant relative to his signature on a memorandum for waiving preliminary hearing on the charge of manslaughter, his right to arraignment on said charge, his right to have the substitute information in lieu of indictment charging him with manslaughter read to him, and that he entered a plea of guilty to the charge of manslaughter. He was also asked if he was waiving his right to trial by jury and he replied that he was. He further stated that he was satisfied with the legal advice his court-appointed counsel had given him and that he had discussed his plea with his wife. Inquiry was made whether he was taking any kind of drugs, and he replied that he was not and that he was fully cognizant of what was taking place in the courtroom at the time of his plea. The court then specifically enumerated all of the rights movant was waiving by pleading guilty and he responded that he had been advised of these rights but nonetheless wanted to enter his plea. The assistant circuit attorney recommended a sentence of ten years in the Missouri Department of Corrections and the court then granted allocution and imposed its sentence.

At the conclusion of the evidentiary hearing the court took the matter as submitted and subsequently entered its findings of fact, conclusions of law and order denying movant's motion.

 With respect to movant's first point on appeal we note that the burden of proving a basis for setting aside a conviction and sentence rests upon the movant, and on appeal our review is limited to determining whether the findings, conclusions and judgment of the trial court are "clearly erroneous." Rule 27.26(f), (j),

V.A.M.R., Hamby v. State, Mo., 454 S.W. 2d 894, 897(5). The trial court heard the evidence, viewed the witnesses and made a determination of the facts based upon the credibility of the state's witnesses, whose testimony was in conflict with that of the movant in this contention, and the transcript of the plea. We hold that the findings, conclusions, and judgment of the trial court are not clearly erroneous and rule this point against the movant.

■ With respect to movant's second point, his appointed counsel on appeal argued that a procedure should be enunciated whereby prior to accepting a plea of guilty the judge should be required to advise a defendant the punishment he will assess once the court accepts the plea. Counsel candidly admits that he has no authority on which the argument is based but relies on an article in a legal magazine which cites failure of the court to advise a defendant of the proposed sentence as a problem confronting correctional administrators in their efforts to rehabilitate persons confined in their institutions. We do not intend to debate this point. The Supreme Court of this state in State v. Good, Mo., 403 S.W.2d 594, 600 [9] has said:

> "There was no duty on the court, as claimed, to 'tell defendant what the judge (had) in mind' as to the sentence he intended to impose."

We, therefore, rule this point against movant.

The judgment is affirmed.

SMITH, P. J., and SIMEONE, J., concur.