James W. HENDRIX, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9360.

Missouri Court of Appeals,
Springfield District.

May 10, 1973.

**458**

C. Clifford Schwartz, Shaw & Howlett, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

TITUS, Chief Judge.

Movant was found guilty by a jury of burglary first degree and stealing in connection therewith. The judgment was affirmed on appeal. State v. Hendrix, 454 S.W.2d 40 (Mo.1970). He now appeals from denial, after evidentiary hearing, of his Rule 27.26, V.A.M.R. motion to vacate and set aside the judgment and in his brief asserts: "I. The pre-trial exhibition of movant-appellant to the witness, Will Hendley, at the Stoddard County jail was so flagrantly prejudicial as to be a denial of movant's constitutional rights to due process of law in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. II. The pre-trial exhibition of movant-appellant to the witness, Will Hendley, at the Stoddard County jail was flagrantly suggestive and did thereby taint the in court identification of the movant-appellant. III. The court's findings that movant had understandingly waived the preliminary hearing and was not prejudicially affected by lack of counsel in the Magistrate Court at this stage of the proceedings were clearly erroneous."

The argument portion of movant's brief considers points I and II together—we do likewise and recast the necessary background for an understanding of these assignments.[1] Eighty-year-old Will Hendley lived alone in Bloomfield. On December 26, 1968, one Grim and movant spent "about three hours" at Hendley's home working on a furnace. Hendley was present and talked with movant on this occasion. When the job was completed, Hendley paid Grim and movant for their services from his purse in which there was visible a substantial sum of money in bills. That night after Hendley had retired and was asleep, he was awakened by two men or "boys" who had entered the house by breaking a window; the two were then beside Hendley's bed and one "fooled around with my head and my pillow." Hendley recognized movant as the person who had been at his home that day "with a . . . fellow by the name of Grim." When Hendley awoke, so he said, "it wasn't stone dark, wasn't perfectly dark, but it was light enough anybody that you knowed, why, it was light enough in that room that you could tell that, who they was." At the trial Hendley, without reference to any lineup procedure whatever, unequivocally identified movant as one of the men who burglarized his home and stole a $785 roll of bills secreted beneath a bed pillow and sheet.

As written in movant's motion collaterally attacking his conviction, he penned: "The Court errored [sic] in permitting the

---

1. The record of the Rule 27.26 hearing consists, in addition to the testimony there proffered, of pre-trial depositions conducted by movant's then appointed counsel and the transcript on appeal in State v. Hendrix, supra.

State to conduct an unfair police line-up procedure pertaining to State prosecution held violative of due process." However, at the Rule 27.26 motion hearing movant said this charge "has been worded wrong" because there was "[n]o line-up at all," and he opined that "no line-up at all would be more unconstitutional" than an improper lineup. Without being able to recall any dates or times relative thereto, movant asserted that he asked an unidentified "officer . . . if he would put me in a line-up . . . and he wouldn't do it" and that "the only time [he saw] Hendley prior to the time [he] went to trial [was] in the office of the County Jail . . . and the officers asked if I was the one and [Hendley] shook his head and mumbled and I couldn't understand what he said." As evidenced by the first two points in movant's brief, supra, it would seem that reversion to the original collateral attack has been attempted by now claiming "this one on one confrontation" constituted a lineup of sorts that was "unnecessarily suggestive and conducive to irreparable mistaken identification" which tainted Hendley's in-court identification of movant.

 The fault we find with points I and II is that the in-court identification of movant by Hendley was not based on any lineup or upon the "one on one confrontation" movant said he had with the witness in the jail office. Nor is there anything in the record to suggest that the officer or officers who may have been present at the confrontation, suggested to Hendley that movant, in their minds, was a guilty culprit. Hendley's in-court identification was premised upon the observations he had of movant during the three hours movant was in is home working before the burglary and seeing movant in his bedroom at the time of the offense. State v. Scott, 491 S. W.2d 514, 518 [5] (Mo. banc 1973); State v. Batchelor, 418 S.W.2d 929, 934 [3] (Mo. 1967). The burden of proof was on movant to show the in-court identification of him resulted from improper or suggestive lineup or confrontation procedures. Rule

27.26(f); Burse v. State, 491 S.W.2d 570, 572 [1] (Mo.App.1973). We cannot say the findings, conclusions and judgment of the trial court which are contrary to movant's contentions are clearly erroneous [Rule 27.26(j); Jones v. State, 471 S.W.2d 223, 226 [1] (Mo.1971)], so it becomes our duty to overrule points I and II. Cheek v. State, 490 S.W.2d 75, 76–77 (Mo.1973).

 To decide point III we need dates. Movant (then defendant) appeared in the magistrate court January 2, 1969, without counsel and waived a preliminary hearing. His trial in the circuit court on the charge in question was conducted March 20, 1969. On April 22, 1969, movant's motion for a new trial was overruled, he was afforded allocution and sentence was imposed and judgment entered. At the evidentiary hearing on his Rule 27.26 motion, movant testified his request for appointed counsel was denied at the time the preliminary hearing was set. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970) decided June 22, 1970, to be exact, held that a preliminary hearing is a critical stage of the criminal process at which the accused is constitutionally entitled to the assistance of counsel. To accommodate this holding the Supreme Court of Missouri amended Rule 23.03 on December 7, 1970, to be effective July 1, 1971. However, neither *Coleman* nor the amended rule are to be applied retroactively [State v. Terry, 485 S.W.2d 3, 4–5 (Mo. 1972)], and as movant was tried and convicted before *Coleman* and the amended rule, they can afford him no succor now. Sallee v. State, 460 S.W.2d 554, 559 [5] (Mo.1970). Nevertheless, it is indicated in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972), that if movant demonstrated actual prejudice constituting denial of due process through refusal to afford him counsel at a preliminary hearing, he would be entitled to relief "without regard to today's holding that Coleman is not to be retroactively applied" (405 U.S. 278, 285, 92 S.Ct. 916, 920, 31 L.Ed.2d 202, 209). Similar language can be found in

State v. Caffey, 457 S.W.2d 657, 663 (Mo. 1970). Movant, in the argument portion of his brief seizes upon the suggestions in *Adams* and *Caffey* by declaring he "was deprived of affirmative advantage at the trial of the absence of counsel at the preliminary hearing, namely, counsel's skilled interrogation of witness[es] to the end of impeachment of certain witnesses and preservation of favorable testimony, and further, effectively discovering the case against the movant-appellant for preparing a proper defense at trial." But proof of prejudice cannot be bottomed on claims printed in movant's brief [State v. Freeman, 489 S.W.2d 749, 753 [12] (Mo.App.1973); Dabbs v. State, 489 S.W.2d 745, 748 [5] (Mo.App.1972)], and the burden of establishing and demonstrating prejudice resulting from absence of counsel at the preliminary hearing rested on movant. State v. Davis, 438 S.W.2d 232, 234 [2] (Mo.1969). Our examination of the record fails to disclose any proof put forward by movant tending to show how absence of counsel at the time he waived his preliminary hearing worked to his prejudice in the particulars enumerated in his argument. As indicated in note 1 herein, two months before the trial of the combined charges of burglary and stealing, movant's appointed counsel took the depositions of Will Hendley (the State's principal witness), the main investigating officer for the Highway Patrol, the sheriff, and a neighbor of Mr. Hendley. Without some showing as to how the absence of pre-trial testimony of the other witnesses called by the State resulted in prejudice to movant, we cannot say the trial court's finding that such absence was not prejudicial to movant was clearly erroneous.

The judgment is affirmed.

STONE, and HOGAN, JJ., concur.

BILLINGS, J., did not participate in the consideration or determination of this appeal.