**STATE of Missouri, Respondent,**

v.

**Mark S. BRYANT, Appellant.**

**No. 34828.**

Missouri Court of Appeals,
St. Louis District,
Division No. 2.

March 19, 1974.

---

John C. Danforth, Atty. Gen., G. Michael O'Neal, Jefferson City, William F. Arnet, Asst. Attys. Gen., Brendan Ryan, Circuit Atty., Arthur Friedman, Ronald B. Safren, Asst. Circuit Attys., St. Louis, for plaintiff.

Charles D. Kitchin, Public Defender; Kent Fanning and James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Judge.

Defendant Mark Bryant was indicted and tried for murdering Sam Anderson by pouring a flammable liquid on his body and setting him afire. The jury found defendant guilty of second-degree murder and assessed his punishment at 25 years' imprisonment. Defendant has appealed, contesting only the admission of three items of demonstrative evidence. We affirm.

According to evidence favorable to the state, including uncontested admissions made by defendant: On the night of October 16, 1971 defendant and a companion, Vernon Pierce, were walking in the 700 block of North Sarah in St. Louis. They encountered an intoxicated man, Sam Anderson, sitting on the steps of 716 North Sarah. The two men teased and taunted Anderson until he became irritated and cussed and kicked at his tormentors. Bryant and Pierce responded by beating Anderson about his head with a stick and chain, dragged him into an alley, obtained a five-gallon can containing a flammable liquid and poured some of it on Anderson's lower legs. Defendant struck a match, threw it on Anderson's trousers and the liquid ignited. When Anderson tried to get up he grabbed the can, tipped it over, spilled the contents over his entire body and was engulfed in flames. Bryant and Pierce fled. The flames attracted a neighbor who put out the fire and called police. Anderson was taken to a hospital and pronounced dead on arrival. An autopsy showed death was caused by burns over the entire body and smoke inhalation.

Defendant's uncorroborated alibi testimony was the only evidence offered in defense.

By his brief defendant argues that the trial court erred in admitting into evidence a photograph of the head of the burned corpse showing a laceration on his forehead, the burned shoes removed from the victim and a demonstration by a chemist indicating the flammability of the liquid taken from the five-gallon can. Specifically, defendant argues that the sole effect of admitting this evidence and the demonstration was to prejudice the jury by arousing sympathy for the deceased and enmity for the defendant.

■ The admission of demonstrative evidence, such as photographs and in-court experiments, when relevant, is within the sound discretion of the trial court. State v. Hendrix, 454 S.W.2d 40 [8] (Mo.1970); Geisel v. Haintl, 427 S.W.2d 525 [2] (Mo. 1968).

■ Defendant contends the challenged items of demonstrative evidence were re-

**674**

dundant since each was corroborated by oral testimony. The State, having the heavy burden of proving a defendant's guilt beyond a reasonable doubt, should not be so unduly limited in the quantum of its proof. State v. Moore, 303 S.W.2d 60 [2] (Mo. Banc 1957). As said in State v. Shawley, 334 Mo. 352, 67 S.W.2d 74 [15] (Mo.1933): "When a defendant enters a plea of not guilty and stands trial in a criminal case, he is clothed with the presumption of innocence, and the state is required to prove every fact necessary to establish his guilt beyond a reasonable doubt. He may sit mute, admitting nothing and ready to assail the state's case all along the line. In discharging its burden, the state is entitled to show the circumstances immediately attending the homicide as a part of the res gestae. . . ."

The indictment put the burden on the state to prove that Sam Anderson was assaulted and murdered by being doused with a flammable substance and set afire by the defendant. By his plea of not guilty defendant put in issue every material allegation in the indictment and the state is required to prove every fact necessary to establish his guilt beyond a reasonable doubt. The challenged evidence was relevant to the indictment's allegations. The photograph of the victim's head and the burned shoes tended to establish the allegation that the victim was assaulted and burned to death and the in-court demonstration showed the alleged flammability of the liquid used to ignite Anderson. We find no evidentiary error.

We have examined the host of cases cited by defendant in which demonstrative evidence was held erroneous. In each case, unlike the present case, the evidence was held inadmissible because it was irrelevant.

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.