STATE of Missouri, Respondent,

v.

Josephine DAVIS, Appellant.

No. KCD 26880.

Missouri Court of Appeals, Kansas City District.

Oct. 7, 1974.

Rehearing Denied Nov. 4, 1974.

James P. Fluker, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

Appellant, Josephine Davis, was charged by information in the Circuit Court of Jackson County, Missouri, with the crime of murder, second degree. The jury found her not guilty of murder, second degree, but did find her guilty of manslaughter. The jury being unable to agree on the punishment, the court fixed her punishment at 10 years in the custody of the Missouri Department of Corrections.

From the evidence presented at her trial, the jury could have found beyond a reasonable doubt that on the night of March 22, 1972, appellant went to the apartment of Curtis Ferrell and his wife to spend the evening with friends. To reach the Ferrell apartment she chose to cut across some hills and go through other people's yards rather than follow the streets. She carried a gun for her protection. Upon reaching the Ferrell apartment, she received permission from Mrs. Ferrell to put the gun in the hallway linen closet, and did so. She thereupon joined the other members of the party, Curtis Ferrell, Hughey Tolbert, and Abram Lyde, who were sitting in the living room playing cards. She took a standing position behind Lyde, and shortly thereafter a dispute arose between Lyde and appellant after the latter began kibitzing. Words passed between them, and appellant went and sat down on the divan. Lyde proceeded to call appellant a bitch, to which she replied that she did not like that kind of talk and was going home. She got up and went to the hallway closet. She returned with the gun in her hand, said, "Who's a bitch now?" and fired a shot. The shot did not hit anyone. Lyde got up from his chair and was running toward appellant when a second shot was fired. Lyde was trying to wrestle the gun from appellant when two or three more shots were fired. Two of the shots struck Lyde and he died at the scene. Appellant's defense was that the gun had accidentally discharged.

On this appeal appellant presents a single point for our consideration. She claims

that the trial court erred in admitting into evidence State's Exhibit 3, a colored photograph of the victim, Abram Lyde. Appellant claims that the exhibit (1) was not proven to be an accurate representation, (2) created undue prejudice and aroused the passion of the jury against the defendant, (3) was gruesome and revolting, (4) was introduced by the state for the purpose of inciting and inflaming the jury against the defendant, and (5) was not material to the case and did not assist or aid the jury to better understand the facts or testimony.

■ The first reason assigned for the alleged error is so clearly without merit as to warrant only brief discussion. The transcript quite clearly shows that after the photograph had been marked as State's Exhibit 3 by the reporter, it was handed to the witness, Lieutenant Reece Magness, a police officer who had investigated the homicide shortly after it occurred. Lieutenant Magness testified that the photograph depicted the victim and his position at the time he arrived to investigate and was a fair and accurate representation of the way the victim appeared when he saw him that night.

The argument in support of the fifth assigned reason is that the exhibit was not needed to identify the victim, to show the nature and location of the injury, to illustrate the type of weapon used, to determine the degree of the crime, or to show the cause of death, because all of these matters had been developed by the oral testimony of the witnesses and also because "defendant admitted every fact that could be shown by the picture, Exhibit No. 3." She argues, as a consequence, that the exhibit had no evidentiary value, and was thus introduced solely to incite and inflame the jury.

■ With respect to defendant's argument that she admitted all the facts concerning which Exhibit 3 could be relevant, no admissions of any kind were made by her prior to the close of the State's case. Her counsel even reserved an opening statement until after the State had fully presented all of its evidence. Any admissions made by defendant thereafter could not affect the relevancy of evidence theretofore introduced by the prosecution.

■ Assuming arguendo that everything which the photograph depicts was developed by oral testimony, this alone does not make the photograph inadmissible, because a photograph gives a much clearer impression of many things than does oral testimony and is consequently admissible to corroborate and clarify the testimony of the witnesses. State v. Strong, 484 S.W.2d 657 (Mo.1972); State v. Smith, 485 S.W.2d 461 (Mo.App.1972); State v. Moore, 303 S.W.2d 60 (Mo.banc 1957). The State, having the burden of proving guilt beyond a reasonable doubt, should not be unduly limited as to the manner of satisfying this quantum of proof. State v. Moore, supra; State v. Bryant, 507 S.W.2d 672 (Mo.App.1974).

■■ Assigned reasons two, three, and four contend that the exhibit was so gruesome, revolting, inflammatory, and prejudicial as to outweigh any relevant probative value it may have had. This exhibit has not been produced in this court as a part of the transcript for our examination. It was appellant's duty to furnish this exhibit as a part of the record on appeal. Rule 28.08, V.A.M.R.; Rule 81.12[1]; State v. Madden, 394 S.W.2d 317 (Mo.1965); State v. Dowling, 348 Mo. 589, 154 S.W.2d 749 (1941). Without being able to examine the exhibit, we cannot say it was unnecessarily gruesome, revolting, inflammatory, or

1. Rule 28.08 requires that the transcript on appeal in criminal cases be settled, prepared, served, and filed in the manner provided for in civil cases.

Rule 81.12 makes it the duty of the appellant to cause the transcript to be filed with the clerk of the appellate court. This rule further mandates that the transcript include all of the evidence necessary for a determination of the questions presented to the appellate court.

prejudicial. State v. Hendrix, 454 S.W.2d 40 (Mo.1970); State v. Madden, supra. We will not presume the court erred in the admission of this exhibit. Moreover, see State v. Smith, supra, 485 S.W.2d at p. 468, which rejects an argument identical to that made by defendant here, and which emphasizes the broad discretion accorded to the trial court in the admission of photographs of this type. See also to like effect State v. Moore, supra, 303 S.W.2d at p. 66, and State v. Bryant, supra.

The judgment is affirmed.

All concur.