**STATE of Missouri, Respondent,**

v.

**John Joseph BECKEMEYER, Appellant.**

**No. 53088.**

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Adam B. Fischer, Sp. Asst. Atty. Gen., Sedalia, for respondent.

Michael D. O'Keefe, St. Louis, for appellant.

STOCKARD, Commissioner.

Defendant, charged under the habitual criminal act, was found guilty by a jury of burglary, second degree. The trial court assessed his punishment at seven years imprisonment.

Defendant contends that the trial court erred in failing to sustain his motion for a directed verdict at the close of the evidence "because the state failed to prove the defendant broke and entered the premises with the intent to commit a felony or to steal."

On the evening of December 25, 1966, Robert Burton closed his confectionery store at 1051 Allen Avenue in St. Louis and locked both the front and back doors. Mr. Burton and his family resided above the confectionery store, and about 11:45 o'clock that evening Mr. Burton's son, Gary, heard what he described as a "crash." Gary awakened his father, who armed himself, and the two of them went downstairs. They found the defendant inside the confectionery store. A panel to the back door had been broken out and the door was open. The police were called, defendant was arrested and taken to the police station.

Mr. Burton testified that when he entered the confectionery store the defendant had "just reached down to pick up his bags" (subsequently identified by a police officer as brown paper bags), and that he (Mr. Burton) had not left the bags there. When asked if he examined the store after he found defendant there, Mr. Burton stated "there wasn't a whole lot missing," and "there were several things out of place, * * * costume jewelry, and some cigarettes dropped on the ice cream box also." He identified a photograph as showing "the cigarette rack," and "that area of the store" as it appeared on the night of December 25, 1966, but he said that it did not represent "the way the store looked" when he had left it earlier that evening to go upstairs because "the cigarette rack is empty and a few of the jewelry is missing here that I can't see." The paper bags contained "loose packs of cigarettes, scatter brooches, and tie clasps."

 Defendant does not challenge the sufficiency of the evidence to show a breaking and entering of the confectionery store by him. His challenge is limited to the contention that there was insufficient evidence to support a finding that the breaking and entering was done with the intent to steal therein. Intent is seldom subject to proof by use of direct evidence, and it usually must be inferred from the circumstances. State v. Chevlin, Mo., 284 S.W.2d 563. In State v. Cuffie, Mo., 403 S.W.2d 633, this court stated, concerning the proof of intent in burglary, that "'Oftentimes the circumstances under which the breaking and entry are shown to have been made, in and of themselves, warrant a finding of an intent to steal.'" In this case the evidence shows that a short time before midnight defendant broke open a panel in the rear door of the confectionery store and entered it. He had with him at least two paper bags, and when he was discovered cigarette packages and items of costume jewelry had been removed from where the owner had left them, and cigarette packages and items of costume jewelry were in defendant's paper bags. The fact that defendant was not successful in his purpose does not prevent a finding that the breaking and entering was with the intent to steal. State v. Whitaker, Mo., 275 S.W.2d 316. The evidence in this case not only authorizes, but practically compels, the finding that the breaking and entering was done with the intent to steal therein. There is no merit to defendant's first point.

Defendant next asserts that the trial court erred in imposing the sentence instead of submitting the issue of punishment to the jury because, although defendant admittedly had been previously convicted of three felonies, "no evidence was

adduced to show whether the defendant had ever been sentenced and subsequently placed on probation, paroled, fined or imprisoned."

Section 556.280, RSMo 1959, V.A.M.S., provides that if a person convicted of an offense punishable by imprisonment in the penitentiary "shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor," shall thereafter be convicted of a felony, he "shall receive such punishment provided by law for the subsequent offense as the trial judge determines." Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, "and the court shall enter its findings thereon." See State v. Garrett, Mo., 416 S.W.2d 116; State v. Hill, Mo., 371 S.W.2d 278; State v. Crow, Mo., 388 S.W.2d 817.

In the information it was alleged that defendant had on three occasions been convicted of felonies, that in each case he had been sentenced to imprisonment, and that subsequently he had been duly discharged from the imprisonment. When the assistant circuit attorney started to recite to the court what the evidence would be concerning the proof to invoke the provisions of the habitual criminal act, the court asked if the records were to be introduced or whether there was to be a stipulation. Counsel for defendant then stated, "There will be a stipulation," and he then stated that it was "stipulated that defendant had been convicted of three prior felonies." The court then directed remarks to the defendant as follows: "John Joseph Beckemeyer, the State of Missouri has charged in this amended information that you have been convicted of three prior felonies, and that you were convicted on June 15, 1964, in the Circuit Court of the City of St. Louis, of burglary second degree and stealing; and that you were also convicted on the same date in the Circuit Court of the City of St. Louis, of the offense of burglary second degree and stealing, and that on

September 16, 1965, you were convicted in the Circuit Court of the City of St. Louis of burglary second degree. Your attorney has indicated that he has discussed this with you, and that the record may show by stipulation that you were, in fact, convicted of these three offenses. Is that correct, sir?" The defendant replied, "Yes, sir." The trial court then expressly found, "based upon the stipulation of the defendant and the answers to the questions posed to the defendant by the court," that the defendant had on June 15, 1964 twice been convicted in the Circuit Court of the City of St. Louis for burglary, second degree, and stealing, and that on September 16, 1965, he had once been convicted in the Circuit Court of the City of St. Louis for burglary, second degree; that he was sentenced to imprisonment in connection with each conviction; and that he was imprisoned on June 30, 1964 for the first two convictions and discharged on May 4, 1965, and imprisoned on October 1, 1965 for the third conviction and discharged on October 25, 1965.

▆ The necessary documentary evidence to invoke the provisions of the habitual criminal act apparently were in the courtroom in the possession of the assistant circuit attorney, and the state was prepared to present that evidence. However, in lieu of the introduction of that evidence the stipulation as above set out was entered into. The stipulation, as shown of record, was not as inclusive as it should have been. It did not contain the specific provision that defendant had been sentenced and subsequently imprisoned. However, it obviously was the intent of the parties to eliminate the necessity of formal proof of the facts required to invoke the application of the habitual criminal act. Defendant and his counsel stood before the trial judge and heard him recite his findings of fact which he stated were "based upon the stipulation of the defendant and the answers to the questions posed to the defendant by the court." Yet, neither the defendant nor his counsel protested that the stipulation of

facts was not intended to and did not include the fact that defendant was sentenced to imprisonment as to each conviction or the fact that he had been imprisoned in each case.

We are not impressed with defendant's contention now made on appeal for the first time that there was no evidence to support the findings of the trial court that defendant had been sentenced and imprisoned for one or more of the previous convictions. Under the factual circumstances we have related, we think it is reasonable to conclude that defendant and his counsel agreed that the findings of fact made by the trial court were correct. We note that on this appeal defendant makes no contention whatever that the findings of the trial court were not in fact correct.

 This is not to be construed as implying that by remaining silent a defendant can in the ordinary course of a trial supply evidence which the state must present to sustain its burden of proof on an issue. We limit our ruling to the factual situation we have here where the parties obviously intended the stipulation to extend to such facts as were necessary for the application of the habitual criminal act, but failed to specifically state all of such facts into the record, and then when the court made its findings based on that stipulation, defendant did not object that the facts found by the court went beyond those contained in the stipulation. We consider this to have been an expression by defendant that the facts found by the trial court were correct, and that we may treat this expression the same as though, after reciting the findings of fact, the trial court had asked the defendant if he agreed that those facts were correct, and he had replied in the affirmative.

An examination of the record as required by Criminal Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.