**STATE of Missouri, Respondent,**

v.

**Earnest FRANKLIN, Appellant.**

**No. 56168.**

Supreme Court of Missouri, Division No. 2.

June 12, 1972.

Motion for Rehearing and for Transfer to Court En Banc Denied July 17, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Ralph Edwards, Jerry D. Perryman, St. Louis, for appellant.

STOCKARD, Commissioner.

Earnest Franklin, charged with first degree murder and as an habitual criminal,

was found guilty by a jury and was sentenced by the court to life imprisonment. He has appealed. We affirm.

Appellant first contends that there was no substantial evidence to support the verdict, and that the verdict was contrary "to the plain facts rule." Ordinarily this would call for a detailed statement of the evidence, but because of the nature of the contentions set forth in argument we may, to a substantial part, set forth only the substance of the testimony.

On December 20, 1969, appellant and Elnora Harris went to the residence of Anna Mae Triplett where two other persons were present. All had been drinking and an argument ensued between appellant and Elnora. According to the witnesses for the State, appellant ran from the house, obtained a 20-gauge shotgun and from the steps in front of the house fired into the front door causing it to open, and then shot Elnora in the abdomen inflicting a fatal wound. Appellant testified that when he and Elnora had the argument, in which Elnora's mother joined, they threw buckets of water on him which he thought could be lye water, and he obtained the shotgun to scare Elnora and her mother. When they again threw a bucket of water at him, he ducked and the shotgun was accidentally discharged.

Appellant in argument directs our attention to these circumstances: 1. Elnora was five and one-half feet in height and the wound indicated that the pellets coursed in an upward direction. 2. The State's witnesses testified that two shots were fired, but appellant testified that he fired only once, and that it was accidentally fired. Only one shotgun casing was found, and it was in the front yard. 3. The hole in the door, apparently made by the first shot according to the State's witnesses, was two inches in diameter and the wound inflicted on Elnora was approximately four inches in diameter. Appellant was approximately twelve feet from Elnora at the time of the fatal shot, and "it

is a fact of common knowledge that a shotgun develops a pattern and at the distance testified to, the pattern would be in excess of eight or nine inches." 4. The scattering of shotgun pellets when the gun was fired at the distance testified to would have resulted in pellets being found in great abundance in the room. There were little or no pellets in the room.

The recitation of these circumstances demonstrates that they were matters to be considered by the jury in determining the credibility of the witnesses and arriving at the facts. It is questionable that they can be considered to constitute conflicts in the testimony, but if so, it was for the consideration of the jury. Dintelman v. McHalffey, Mo., 435 S.W.2d 633. Under no circumstances could it be said that these circumstances destroyed the State's case.

Appellant next asserts prejudicial error in admitting into evidence a photograph of the deceased. He contends that the only purpose was to arouse the emotions of the jury.

Appellant testified, and by his testimony and other evidence an issue was made as to how the fatal wound was inflicted and where appellant was when the fatal shot was fired. The photograph showed the location of the wound and the amount of injury, and was helpful to the jury in determining the facts. Even though a photograph may be gruesome, when it is so because of the nature of the case, and the photograph is helpful in establishing material facts, it is admissible in evidence. State v. Robinson, Mo., 328 S.W.2d 667. The admission of such photographs is subject to the sound discretion of the trial court. State v. Hendrix, Mo., 454 S.W.2d 40. No abuse of discretion is demonstrated in the circumstances of this case.

Appellant's third point is that the information should have been dismissed because a medical report from Malcolm Bliss Mental Health Hospital contained privileged and confidential information relating to his defense.

This report was made pursuant to a request by appellant for a mental examination as authorized by § 552.020 RSMo 1969, V.A.M.S. It was not introduced in evidence and its contents were not revealed to the jury. Appellant argues that since a copy was furnished to the prosecutor, and because the report contained a statement of facts made by appellant to the doctor concerning the crime with which he was charged, the report resulted in a violation of his privilege against self-incrimination, and the report provided information to the prosecutor from which he could obtain other admissible evidence.

There is nothing in the record, and appellant points to nothing, which indicates that by reason of this report the prosecutor obtained information concerning the case not otherwise available to him. § 52.020, supra, does not require a recitation in the report of the facts concerning the crime of which the defendant was accused, and perhaps for the reasons asserted by appellant it should not do so. However, when it does, the relief is to exclude evidence obtained by reason of the report, and does not include the dismissal of the information or indictment, the only relief requested in this case.

Appellant next assigns as error the refusal of the court to require the production for examination by appellant of the police report concerning the crime with which appellant was charged. When the request for the report was made the trial court personally examined it, and based on that examination concluded that it contained no impeaching information and did not disclose any facts which had not been developed by the witnesses.

There is nothing to demonstrate that without the police report being turned over to appellant his trial was fundamentally unfair. By court rule the present limitations on the availability of such reports to an accused may be changed, but under the decisions of this court applicable at the time of the trial of this case, the production of the report was discretionary with the trial court, and under the circumstances no abuse of that discretion is demonstrated. See generally, State v. Aubuchon, Mo., 381 S.W.2d 807; State v. Cody, Mo., 379 S.W.2d 570; State v. Hale, Mo., 371 S.W.2d 249; State v. Cannon, Mo., 465 S.W.2d 584.

Appellant's final point is that the trial court should have suppressed an oral statement made by him to a police officer. Prior to the statement appellant was given the "Miranda warnings." The trial court held a hearing out of the presence of the jury on the issue of the voluntariness of the statement, and ruled it was voluntarily given and admissible in evidence. There was no evidence or contention by appellant that he gave the statement as the result of threats or promises. The police officer related to the jury what appellant told him, and appellant later testified and stated substantially the same facts. In his brief appellant states: "In view of the consistency of the testimony by the police officer and the defendant at trial as to the 'alleged confession' one must wonder whether the confession is [appellant's] or the police officer's."

The trial court found the oral confession or statement by appellant to have been voluntarily given, and unlike most cases where this issue is presented, there is no evidence to the contrary. In fact, when appellant testified he did not deny making the statements related by the police officer and he did not contend that the statements were made by him involuntarily. Under these circumstances, the court correctly admitted in evidence the testimony of the police officer. See State v. Nolan, Mo., 423 S.W.2d 815; State v. Pughe, Mo., 403 S.W.2d 635; State v. McGee, Mo., 447 S.W.2d 270.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and LEWIS, Special Judge, concur.