**STATE of Missouri,
Plaintiff-Respondent,**

v.

**J. B. SNOW, Defendant-Appellant.**

**No. 10619.**

Missouri Court of Appeals,
Springfield District.

Nov. 14, 1977.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Harry H. Bock, New Madrid, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Defendant was jury-convicted of second degree murder in the killing of Larry "Wolf" Ford at the Bel-Air in Caruthersville. Per the verdict, defendant was sentenced to 15 years' imprisonment. Defendant was represented at trial by a lawyer different from his counsel upon this appeal.

On the night in question, according to the state's evidence, defendant was operating the Bel-Air and Ford had just won $600 in a back room crap game when he went behind the counter to discuss money allegedly owed to defendant by Ford. A dispute arose. Defendant hit Ford in the face with a .38 snub pistol and thereafter shot him several times with this gun. Ford retreated to the exit door with defendant in pursuit armed with a second weapon, a .45, which he employed in shooting Ford six more times. After a pause in the fusillade, defendant shot Ford twice more with the .38 snub. In all, defendant shot Ford "ten or eleven" times. Unsurprisingly enough, the evidence was that Ford died of multiple gunshot wounds.

Defendant claimed self-defense. He testified Ford had refused to pay his debt and reached for a pistol that was on a shelf under the counter. Defendant said Ford grabbed for the gun and that he and Ford "tussled" with the weapon while it "just went on discharging." Also, defendant claimed that after Ford got outside of the Bel-Air he started toward defendant with "something in his hand." This prompted defendant to shoot Ford two more times with the .38 snub. Later examination disclosed that Ford was unarmed.

At trial the state offered six photographs of the deceased showing the bullet wounds. Defendant's counsel objected because "I see no probative value of the pictures [as their introduction into evidence] is just clearly for the purpose of inflaming the jury . . . . We do not dispute the cause of death, and that the defendant shot the deceased." The prosecutor replied that "the jury has the right to know where he was shot and the pictures are to establish where he was shot." Defendant's objection was overruled.

During the state's final rebuttal argument, the prosecutor said: "The defense counsel said he thinks his client overreacted. . . . I think that the evidence shows that what the defense attorney here called overreaction, under the law is called murder. . . . I want to apologize to . . . you Members of the Jury, that I didn't put on my best witness today. I'm sorry. I couldn't do it. The reason that I couldn't do it is because my best witness is dead. My best witness is Larry Ford, lying in a cemetery somewhere. He can't testify today and to answer all of these allegations that [defendant] is making against him here today and _ _ _". [Defense Counsel]: "If the Court, please, that is improper argument, and I object and to make my record." The objection was overruled.

Defendant's first point relied on concerns the admission of the six photographs of deceased. A trial court owns wide dis-

cretion in respect to the admission of photographs of the deceased in a prosecution for homicide. *State v. Parker*, 509 S.W.2d 67, 70[1] (Mo.1974); *State v. Stevens*, 467 S.W.2d 10, 24[16] (Mo.1971), 50 A.L.R.3d 96, cert. denied, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971); *State v. Wisdom*, 540 S.W.2d 94, 97[4] (Mo.App.1976). If the photographs are helpful to show some fact or circumstance material to the case, such as the nature and location of the fatal wounds, or are relevant to the issue of whether the defendant acted in self-defense, they are admissible [*State v. Jones*, 515 S.W.2d 504, 506[6] (Mo.1974); *State v. McClain*, 536 S.W.2d 45, 46[2] (Mo.App.1976); *State v. Blair*, 531 S.W.2d 755, 761[12] (Mo.App. 1975); *State v. Brewster*, 525 S.W.2d 427, 429–430[4] (Mo.App.1975)]; even though witnesses may have orally described what is shown by the pictures [*State v. Brown*, 524 S.W.2d 188, 190[8] (Mo.App.1975); *State v. Davis*, 515 S.W.2d 181, 183[3] (Mo.App. 1974); *State v. Bryant*, 507 S.W.2d 672, 674[3] (Mo.App.1974)] or the photographs are gruesome, repugnant and shock provoking. *State v. Maxie*, 513 S.W.2d 338, 344[8] (Mo.1974), cert. denied, 420 U.S. 930, 95 S.Ct. 1132, 43 L.Ed.2d 402 (1975); *State v. Franklin*, 482 S.W.2d 420, 422[1] (Mo.1972); *State v. Love*, 546 S.W.2d 441, 452[12] (Mo. App.1976).

We have viewed the complained-of black and white photographs. It is apparent some cleansing of the body was performed before the photographs were taken as there is little, if any, gore. While we do not consider the photographs comely, they do not strike us as being either gruesome or shock provoking. They are simply a matter-of-fact depiction of the nature and location of the numerous bullet wounds and would assist a jury to understand some of the testimony adduced by the state and the defense proffered by the defendant. The trial court neither abused its discretion nor erred in admitting the photographs into evidence.

Defendant's second and final point is a complaint about the state's final summation, supra. His asseveration is that the trial court erred, in some unspecified manner, in not responding to defendant's general objection (i. e., "that is improper argument") when the prosecutor apologized for not calling his "best witness" to refute defendant's accusations because that witness was dead. The general objection was insufficient to convict the trial court of error because no grounds therefor were stated [*State v. Gregg*, 399 S.W.2d 7, 11[10, 11] (Mo.1966)] and nothing is preserved for appellate review when the assignments of error in the motion for new trial and in this court are enlargements of a general objection made at the time of trial. *State v. Harper*, 553 S.W.2d 895, 898[5] (Mo.App. 1977); *State v. Blankenship*, 536 S.W.2d 520, 521[5] (Mo.App.1976). Nevertheless, we observe that the argument complained of is extremely bland when compared to that considered and held not to be reversible error in *State v. Bailey*, 526 S.W.2d 40 (Mo.App.1975).

Judgment affirmed.

All concur.