Earnest FRANKLIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38655.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Jan. 9, 1978.

Robert C. Babione, Public Defender, Robert G. O'Blennis, Edward J. Bippen, Jr., Asst. Public Defenders, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

Movant appeals from the trial court's denial of an evidentiary hearing on a Rule 27.26 motion. He had been found guilty of first-degree murder after jury trial held in the City of St. Louis and was sentenced to life imprisonment. That conviction was affirmed in *State v. Franklin*, 482 S.W.2d 420 (Mo.1972).

In his motion, movant set forth as grounds for relief that he was deprived of a jury composed of a true cross section of the community and was thus deprived of an impartial trial, due process and equal protection of the law in violation of the Sixth and Fourteenth Amendments to the United States Constitution in that there was a systematic discrimination in practices employed in St. Louis, Missouri, that caused a substantial disparity between representation of cognizable groups in the jury pool and the groups' representation in the entire population. He particularly complained of a substantial disparity in representation of youth, poor, females, blacks, older people, nonvoters, stating that this furthered the practice of depriving these people of representation because of their economic, social, religious, political and geographic locations in St. Louis. In his second paragraph, movant stated that he, a Negro, was deprived of an impartial trial for the reason that the system was operated in St. Louis to exclude "a proportionate number of Negros (sic) from jury service by the policy of the county prosecutor, in case after case, to exclude

said Negro's (sic) from jury service by use of peremptory challenge." The trial court in denying the motion stated in its findings and conclusions of law that the motion stated only conclusions and no facts and that there were no facts in paragraph 9 of the required form under Rule 27.26 to support movant's allegations. We have concluded that the trial court was correct in its determination that the motion stated only conclusions and did not state sufficient facts to entitle movant to the relief which he sought. An evidentiary hearing on a 27.26 motion will be had only if the movant pleads facts, not conclusions, which if true would entitle him to relief. He must also show that such factual allegations are not refuted by the record before the court. *Voegtlin v. State*, 546 S.W.2d 40, 41[4] (Mo. App.1977).

The first paragraph of the allegations contained in the motion are couched entirely in conclusory terms. It does not specify the practices which cause the alleged discrimination. The second paragraph of the motion alleging discrimination must be viewed in light of the standards set forth in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975). There, the defendant contended on appeal that the court erred in overruling his motion to discharge the trial jury and declare a mistrial because the State willfully used its peremptory challenges to strike all Negroes from the jury panel and had done so for many years in all similar cases. In determining that the motion was properly overruled without a hearing, the court applied the rule set forth in *Swain v. Alabama*, 380 U.S. 202, 223–24, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965) wherein the United States Supreme Court stated that "when the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance." In *Baker* our Supreme Court stated that the motion before it failed to allege that there had been no blacks on petit juries for any given period of time which might give rise to a fair inference of improper discrimination. Further, the motion failed to allege that the exclusion of blacks was made "in case after case, whatever the circumstances, whatever the crime and *whoever the defendant or the victim may be* . . . with the result that no Negroes ever serve on petit juries . . . ." *State v. Baker, supra* at 125. (Emphasis added by the court in *Baker*.) Here movant fails to allege that all Negroes were excluded from jury service by the system operated in St. Louis but merely states that a "proportionate" number of Negroes were excluded. There is a further failure to allege facts to support the thesis that the exclusion occurs "whatever the circumstances, whatever the crime and whoever the defendant or the victim may be." [1] *See also, State v. Williams*, 535 S.W.2d 128, 130[2, 3] (Mo.App.1976) where it is stated: "The discrimination becomes unconstitutionally objectionable only if it is proved that the prosecutor in a given county has practiced that same kind of exclusion systematically in all cases." The same requirement must be made as to the allegations of the essential facts pleaded in a motion raising the issue.

The judgment of the court below is affirmed.

GUNN, P. J., and KELLY, J., concur.

---

1. The difficulty of making a successful attack upon the jury system in Missouri under *Swain v. Alabama, supra*, is discussed in depth in *State v. Davis*, 529 S.W.2d 10, 16–19 (Mo. App.).