STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Edward LAWSON,
Defendant-Appellant.

No. 10916.

Missouri Court of Appeals,
Southern District,
Division Two.

July 24, 1979.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Sandra L. Skinner, Springfield, for defendant-appellant.

PER CURIAM:

Defendant was convicted by a jury in the Circuit Court of Greene County of an assault on Jack Melton with intent to do great bodily harm without malice aforethought. He was sentenced to five years imprisonment.

The charge against defendant arose from an incident that occurred about 6:30 p. m. September 29, 1976 on the parking lot of Carl's Liquor Store, in Springfield. Defendant was in an automobile with Donald Holt when following an exchange of words Donald Holt left the automobile and en-

gaged in a fist fight with Danny Melton. While the fight was progressing a companion of Danny Melton called Jack Melton, Danny's father, and told him of the fight. Jack Melton lived approximately two and a half blocks from the liquor store and immediately drove there in his pickup. As he arrived Donald Holt was retreating to the car in which he arrived. The fist fight had lasted 10 to 15 minutes. Jack Melton went to the car and hit Holt. The witnesses do not agree on whether the blow was with the fist or a portion of a bumper jack. The evidence is also disputed as to what next occurred. The State's witnesses testified that while Jack Melton was facing Holt defendant approached Melton from the rear and struck him in the back or side with a knife which defendant held in his right hand. Defendant is right-handed. The State's witnesses, including Jack Melton, say Melton did not have any kind of weapon until after he was stabbed. Defendant's evidence was that after Jack Melton struck Holt defendant was trying to help Holt back into the car and told Jack Melton "We've had enough" and Melton replied "You think you've had enough" and then struck defendant with his fist and then a "bar" or tire tool. Defendant testified he then pulled out a pocket knife and stabbed Melton out of fear of physical harm. He thought the knife was in his left hand.

Defendant then left the scene after a brief altercation with Danny Melton when he either tried to stab Danny Melton or used the knife to keep Melton from hitting him. Defendant testified the knife was probably knocked from his hand at the corner of the liquor store. Defendant ran from the liquor store parking lot through a street or alley around the side of Park Central Hospital and into the front door of the hospital. He was later taken into custody there by Springfield police. Jack Melton also went to Park Central Hospital where he was treated in the emergency room and eight stitches taken in his wound. The next morning Jack Melton, Danny Melton and Stanley Robert Mace searched the area where Holt ran to the hospital and Mace found a knife in a window grate alongside the hospital in approximately the same area that defendant had passed through. The police were called and about 10:45 a. m. removed the knife. The blade was open when they removed it. Defendant denied that he had thrown Exhibit 7 in the grate. Defendant was charged with an assault on Jack Melton by stabbing him with a knife. Other facts will be noted in the course of this opinion.

Defendant advances four grounds for error: 1. That defendant's motion for judgment of acquittal should have been sustained because the State failed to introduce evidence that defendant did not act in self-defense. 2. That a knife marked Exhibit 7 should not have been admitted into evidence. 3. That the defendant's motion for judgment of acquittal should have been sustained because the State failed to prove that defendant acted with intent to do great bodily harm. 4. That two photographs of the wound of Jack Melton were improperly admitted into evidence. These points are considered in the order stated.

■ Defendant contends that the State failed to offer evidence which would show that defendant did not act in self-defense and thus no submissible case was made. This argument ignores much of the State's evidence. It was undisputed that defendant struck Jack Melton in the side with a knife. He contends that he struck Melton in self-defense while he was in fear of Melton, emphasizing that Melton was 5' 10" tall and weighed 330 pounds. Other witnesses state that Melton had his back turned to the defendant and never saw him when he was stabbed without warning. Defendant contends he was struck first by Melton's fist and then by a bar Melton was wielding. Melton and others deny that he had a bar, jack or other weapon and that he struck defendant. They also deny that any threats were ever made toward defendant. Where the evidence is conflicting or different inferences are possible it is generally a question of fact for the jury to determine whether an accused acted in self-defense. *State v. Thornton,* 532 S.W.2d 37, 43 (Mo. App.1975); *State v. Jackson,* 522 S.W.2d 317, 319 (Mo.App.1975).

Self-defense was submitted to the jury and they found against defendant. The conflicts and inconsistencies as present here are questions for the jurors to determine. They may believe all or none of the testimony of a witness or accept or reject it in part. *State v. Pinkus,* 550 S.W.2d 829, 838 (Mo.App.1977). While a showing of self-defense requires the State to show beyond a reasonable doubt that the defendant did not act in lawful self-defense, *State v. Thornton,* supra, 532 S.W.2d at 42, only when all the evidence is undisputed should a court dispose of the charge without submitting it to a jury. *State v. Jackson,* supra, 522 S.W.2d at 319. There was ample evidence that the assault upon Jack Melton was unwarranted and was not justified by any motive of self-defense. The jury so found. This point is ruled against defendant.

The second contention of defendant is that the trial court improperly admitted in evidence State's Exhibit 7, a black handle folding knife. Defendant contends there was insufficient foundation connecting the knife to the defendant or the crime and that the knife would inflame and impassion the jury. Defendant admits that he stabbed Jack Melton with a "pocket knife" but contends that it was not the knife admitted in evidence. He states his knife had a two and one-half to three inch blade. The blade on Exhibit 7 is three and one-fourth inches long.

Following the incident on the parking lot the defendant left the premises and went to Park Central Hospital where he was apprehended. The next day Exhibit 7 was found at the bottom of a window grate by witness Stanley Robert Mace who was searching the area for defendant's knife with Jack Melton and Danny Melton. Jack Melton testified that it was found in "approximately" the same area as defendant had "come through" after the fight. He describes Exhibit 7 as being "very similar" and looking "about what" he saw in defendant's hand while defendant was "slashing" at his son. Danny Melton stated that the blade of Exhibit 7 looked exactly like the blade on the knife that defendant swung at him. A "cross member" on Exhibit 7, apparently some type of hand guard, was described by Danny Melton as exactly the same as the knife he saw in defendant's hand. Danny Melton admitted this is a common type knife and he had seen this kind before. He didn't know if it was the same knife that the defendant had. Neither Melton saw the handle.

Another witness to the incident, Joseph Henry, could see the blade of a knife in defendant's right hand after Jack Melton was struck and stated that Exhibit 7 and its blade "looks like the knife" he saw defendant holding. He describes the knife he first saw as a "sort of lock-blade stiletto" with a blade probably three-eighths or half an inch wide. The blade of Exhibit 7 is seven-sixteenths of an inch at its widest point. He described the blade's length on the knife defendant used as probably about "four, four and a half inches" long.

The physician who treated Jack Melton testified that the wound could have been caused by a knife or a blade such as Exhibit 7. Stanley Robert Mace said it appeared to be the same knife that he had seen the defendant holding on the liquor store premises.

While demonstrative evidence must be shown to be connected with the crime or the accused, the identification need not be positive, absolute, certain or wholly unqualified. *State v. Johnson,* 539 S.W.2d 493, 515 (Mo.App.1976). The weight to be given to the identification is for the jury. *State v. Johnson,* supra; *State v. Holman,* 556 S.W.2d 499, 504 (Mo.App.1977). Identification of an exhibit is not insufficient merely because a witness uses expressions such as "similar to" or "looked like". *State v. Duncan,* 540 S.W.2d 130, 137 (Mo.App. 1976). Here the knife was described by the witnesses as having a blade and cross member "exactly" like the knife defendant was using. Also that it "looks like" that knife. That it "appears" to be the same knife and that it was "very similar". *State v. Holman,* supra, 556 S.W.2d at 504 held it was sufficient to warrant the admissibility of a

revolver when the clerk robbed said that it was "similar—looks like" the gun used. *State v. Kern,* 447 S.W.2d 571, 575 (Mo. 1969) approved the admissibility of a knife that "looks familiar" and that the witness believed he had seen before in the defendant's hand.

Defendant cites as authority for his contentions that the knife is inadmissible *State v. Merritt,* 460 S.W.2d 591 (Mo.1970) and *State v. Wynne,* 353 Mo. 276, 182 S.W.2d 294 (1944). However, in *Merritt* evidence was lacking that the defendant even had a gun or had fired one and no connection between the gun and defendant was shown. The gun was found the next day outside the premises where a shooting occurred. In *Wynne* a .25 calibre automatic pistol was displayed to the jury when it was admittedly not the weapon used in the shooting. There was no connection between it and the crime or the defendant. In the present case sufficient connection was shown. Exhibit 7 was properly admitted.

■ Since Exhibit 7 was admissible, the fact that it might have tended to prejudice and inflame the jury against the defendant does not then render it inadmissible *State v. Pinkus,* supra, 550 S.W.2d at 836.

■ Defendant's third point is that the State failed to introduce evidence that defendant acted with intent to do great bodily harm. In determining the sufficiency of the evidence all evidence and inferences tending to support the verdict must be considered as true. *State v. Lee,* 556 S.W.2d 25, 32 (Mo.1977). There was evidence that without warning defendant came up behind Jack Melton who was unarmed, and "repeatedly" struck him with a knife with a sharp pointed blade three and one-fourth to four and one-half inches long. Melton was stabbed in the mid rib area on the right side three to four inches below his under arm. He bled "a whole lot" and eight sutures were required to close the wound. The physician who treated Melton testified that the wound was in the right side at the level of the eighth or ninth rib. He stated that the blade did not go into the lung cavity as it evidently hit a rib and was deflected.

The physician said that a knife such as Exhibit 7 could have caused serious injury if the full blade had gone into the chest. Had not the rib been there the lung might have been struck and blood vessels and Melton's diaphragm could have been involved.

■ Intent does not have to be proved by direct evidence but may be shown by the circumstances. *State v. Mathis,* 427 S.W.2d 450, 452 (Mo.1968). Intent is seldom provable by direct evidence and usually must be inferred from the circumstances. *State v. Beckemeyer,* 423 S.W.2d 687, 688 (Mo.1968). In determining the defendant's intent the jury was entitled to consider the weapon used, the manner of using it, the results of its use and all other related circumstances. *State v. Kopf,* 481 S.W.2d 7, 9 (Mo.1972); *State v. Chevlin,* 284 S.W.2d 563, 566 (Mo.1955). Based on the evidence the jury could and did find that defendant intended to do great bodily harm to Jack Melton.

■ Defendant next contends that the trial court erred in admitting the State's Exhibits 5 and 6 which are photographs showing the right side of Jack Melton. Defendant claims that this evidence was improper and calculated to inflame and prejudice the jury against him. Exhibits 5 and 6 are approximately three-inch square color photographs taken by Danny Melton of his father showing the wound; Exhibit 5 on the day after the stabbing and Exhibit 6 "a couple of days" later. They were described as fair and accurate representations of how the wound looked on those days. Exhibit 5 shows Jack Melton's right side from just below his pants pocket to his underarm. Exhibit 6 is of his right side and front from his chin to his abdomen. In both photographs he is shirtless and has his arms raised. A laceration is visible near the middle of his right side on both. The defendant contends that it was unnecessary to admit these photographs as the stabbing and extent of the injuries were not controverted.

■ If photographs are helpful to show some fact or circumstance material to the

case, such as the nature and location of wounds relevant to the defense of self-defense they are admissible even though witnesses may have orally described what they show. *State v. Snow,* 558 S.W.2d 414, 416 (Mo.App.1977). The rationale which validates photographs as evidence is that they are superior to words as a means of description. *State v. Blair,* 531 S.W.2d 755, 761 (Mo.App.1975).

An examination of these exhibits show that they are neither gruesome, repugnant nor shock provoking although even that would not have excluded them. *State v. Snow,* supra, 558 S.W.2d at 416. They could aid the jury in understanding where the wound occurred and in determining the intent to do harm. They could be helpful in determining defendant's contention of self-defense. These exhibits might assist the jury in deciding conflicts in the evidence such as whether defendant stabbed Jack Melton from the front or rear. The trial court did not abuse its discretion in admitting the photographs.

The judgment is affirmed.

All concur.