STATE of Missouri, Respondent,

v.

Larry Arthur LUDWIG, Appellant.

No. 62040.

Supreme Court of Missouri,
Division Two.

Dec. 15, 1980.

Rehearing Denied Jan. 13, 1981.

Gail L. Fredrick, Forsyth, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Larry Arthur Ludwig, appellant herein, was charged with first degree murder (§ 565.003, RSMo 1978, now repealed) in the death of Hardy Burton Wright, and with an assault on Bluford Wright with intent to rob with malice aforethought, (§ 559.180 RSMo 1969, now repealed). He was found guilty by a jury of both charges and was sentenced to life imprisonment for the murder and to imprisonment for two years for the assault, the sentences to be served concurrently. He has appealed from the sentences and judgment.

In his first point appellant asserts that the court erred in overruling his motion for judgment of acquittal as to the charge of murder because "there was insufficient evidence for the jury to find appellant guilty of murder in the first degree." This assignment of error is insufficient. Rule 30.06. However, appellant was charged with having killed Hardy Burton Wright in the attempted perpetration of robbery, and from the argument portion of his brief we find that his contention is that there was insufficient evidence for the jury to find beyond a reasonable doubt "that appellant had the necessary intent to commit, or attempt to commit a robbery," or to find that he "participated, or attempted to participate in a robbery."

In reviewing this claim we accept the State's evidence as true and give the State

the benefit of all reasonable inferences deducible therefrom, disregarding all evidence and inferences to the contrary. *State v. Jones*, 594 S.W.2d 932, 935 (Mo.1980); *State v. Stapleton*, 518 S.W.2d 292 (Mo. banc 1975). When we so review the evidence we find that a jury reasonably could find the following.

On the evening of April 20, 1978, five young persons, including appellant and Marvin Dewayne Stillings, were at the home of James Fleming in Ava, Missouri where they watched television, visited, and may have smoked marijuana. About 6:30 o'clock Stillings and Steve Carnel left to obtain some marijuana, but they were unsuccessful and returned to the house. In the meantime one of the other persons had left the house, and a discussion took place among the remaining four as to where they could steal some money. James Fleming stated that he used to live next door to two old men, Hardy and Bluford Wright, 88 year old twins, and that they had a locked drawer which might contain some money. About 8:30 o'clock that evening appellant and Stillings left the Fleming house. They had with them a crescent wrench, and they also obtained a piece of metal pipe. They went to the Wright house, knocked on the door, and were admitted when they asked to use the telephone. The two Wright brothers were then severely and brutally beaten. Although appellant denied that he struck either of the Wright brothers, there is substantial evidence that he did so. Hardy Burton Wright died four days later, and Bluford Wright sustained severe head injuries and the loss of an eye. Appellant and Stillings went into the bedroom where the Wright brothers kept their billfolds in a locked dresser drawer and attempted unsuccessfully to locate the key. They then left the house without obtaining any money and returned to the Fleming house.

Appellant testified in his defense. He admitted going to the Wright brothers' house with Stillings, and that they carried a crescent wrench and an iron pipe, but he stated that the previous talk about a robbery was just "bluff talk." He further stated that when they arrived at the Wright brothers' house he "chickened out" and did not participate in the murder and assault. He admitted, however that he entered the house and used the telephone, and that after Stillings had struck the Wright brothers he went to the bedroom and searched unsuccessfully for the key to the locked dresser drawer. He stated that he "would not have used the key" if he had found it, but that he "would probably have given" it to Stillings.

Appellant cites *State v. Owens*, 486 S.W.2d 462, 466 (Mo.1972), and he quotes therefrom the following: "Under Missouri law, a homicide committed in the perpetration or attempt to perpetrate certain felonies—including robbery—*is* murder in the first degree. The felonious intent in such cases occurs with respect to the *robbery* and it is not necessary that a separate intent to kill exists in order to convict of first–degree murder in such instances." He then argues that no personal property was taken, and that there is "insufficient evidence to show a substantial act by appellant toward the commission of a robbery, to constitute an attempt." We disagree. A jury could reasonably find from the evidence that appellant and Stillings planned to take money by force from the Wright brothers, that when appellant and Stillings went to the Wright brothers' house they took with them the necessary weapons to enforce their demands, that after gaining entrance to the house each of the brothers was assaulted, and that appellant and Stillings each searched for a key to open the locked dresser drawer where they had reason to believe was some money.

Intent is a state of mind and usually is not susceptible to direct proof. Intent may and generally must be established by circumstantial evidence. *State v. Chevlin*, 284 S.W.2d 563 (Mo.1955); *State v. Lawson*, 585 S.W.2d 247 (Mo.App.1979); *State v. Beckemeyer*, 423 S.W.2d 687 (Mo. 1968). Appellant's intent to participate in the planned robbery of Bluford and Hardy Wright is clearly and reasonably inferable from the facts outlined above, particularly

in view of the evidence that after gaining entrance to the house he actively participated in the attempt to rob by striking one of the Wright brothers, and that he then searched for the key to obtain the money. Appellant's first point is without merit.

By his remaining point appellant asserts that the court erred in overruling his motion for judgment of acquittal as to the charge of felonious assault because "there was insufficient evidence for the jury to find appellant guilty." This assignment of error also is insufficient, but in his argument he asserts that "the State failed to prove beyond a reasonable doubt that [he] beat or struck Bluford Wright," or that he had the "necessary mental element of intent."

While there is evidence that appellant struck one of the Wright brothers, there is no evidence that the one he struck was Bluford Wright. However, that is immaterial. Appellant and Stillings were acting together to carry out the planned robbery. It has long been the rule that "If two or more persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal, if the other (or others) commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof," *State v. Chernick*, 278 S.W.2d 741, 746 (Mo. 1955). See also *State v. Williams*, 548 S.W.2d 227 (Mo.App.1977); *State v. Sneed*, 549 S.W.2d 105 (Mo.App.1977). During the course of the attempted robbery Bluford Wright was viciously and brutally beaten. From the circumstances, and particularly the extent of injury inflicted, the jury reasonably could find that the assault was committed with the intent to rob with malice aforethought. Appellant's second point is without merit.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.