For the reasons stated herein, the judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.

STATE of Missouri, Respondent,

v.

Gail Edwin LEHMAN, Appellant.

No. 44080.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1982.

Donald J. Gerard, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, John W. Briscoe, Pros. Atty., New London, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

REINHARD, Presiding Judge.

A jury convicted defendant of second degree assault, a violation of § 565.060.1 RSMo. 1978,[1] and assessed his punishment at two years. The trial court sentenced him in accordance with the jury verdict, but placed him on probation for a period of five years and ordered that he serve 60 days in the county jail. Defendant appeals raising eight points of alleged trial court error. We find none of them meritorious and affirm his conviction.[2]

---

1. Section 565.060.1 provides:

   A person commits the crime of assault in the second degree if: ... (3) [h]e ... causes serious physical injury under circumstances that would constitute assault in the first degree under section 565.050, but ... [a]t the time of the act, he believes the circumstances to be such that, if they existed, would justify killing or inflicting serious physical injury under the provisions of chapter 563 of this code, but his belief is unreasonable.

   Assault in the first degree, defined by § 565.-050.1 is committed if a person, "[u]nder circumstances manifesting extreme indifference to the value of human life ... recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person."

2. The legal file discloses that defendant mailed his motion for new trial on November 17, 1980, but it was not received by the circuit clerk's office and filed until November 20, 1980, two days late. *See Euge v. Golden,* 551 S.W.2d 928, 931 (Mo.App.1977). It was therefore, untimely and consequently preserved nothing for review. *State v. Hill,* 628 S.W.2d 361, 362 (Mo.App. 1981). Under such circumstances, our only obligation is to determine whether or not plain error occurred. Rule 29.12(b). We have carefully examined defendant's points as if his motion had been timely filed and upon resolving

About midnight on September 22, 1979, seven young men, ranging in age from 16 to 18 were on the Marine Service Station lot on the south edge of New London, Missouri. Those present included Shane McClelland, whose stepfather was manager of the station, and Greg Hamilton, age 17. At that time, a car driven by defendant and containing three other passengers, including the defendant's 14 year old sister, pulled into the service station. One of the passengers in the car got out and went to the restroom. The group of seven approached defendant's car with one of them carrying a club. Though, there is some dispute as to precisely what was said, words were exchanged between those inside and outside the car, and defendant was ordered to leave. Defendant's passenger reentered the car and as he drove off the lot, he accelerated, spinning his tires, throwing gravel on the other vehicles on the lot. At that point, someone said, "Let's go after him." The seven jumped into two separate vehicles; a pickup truck and a car and gave chase.

The three vehicles proceeded first down State Highway 61 a short distance and then down Highway 19 at speeds of up to 100 miles per hour. Finally, the pickup truck caught up with defendant's car and passed. As the pickup truck finished passing, the defendant took a .357 magnum pistol, pointed it out the driver's window and fired. The glass in the pickup truck shattered and a bullet went through Greg Hamilton's neck, with glass and other debris lodging in his right eye. Although Hamilton recovered from the neck wound, he has lost most of the vision in his right eye.

The defendant testified that while on the service station lot and during the subsequent chase, he was in fear for his own safety, as well as for his younger sister. The primary issue was whether or not the defendant's acts constituted the justifiable use of force either in self defense or in the lawful defense of another. The jury was properly instructed on this issue which it resolved against the defendant.

that all of the complained of trial court rulings were correct, conclude that no plain error oc-

■ In defendant's first point, he contends the court erred in admitting into evidence Exhibit 15, a .357 magnum pistol, because there was no evidence that it was the weapon he used. The evidence surrounding the admission of the pistol was as follows. Two of the passengers in the defendant's car testified the defendant shot a .357 magnum pistol out the window on the night in question. The sheriff testified that the day after the shooting, he requested the defendant's father, "to bring in the gun that [defendant] had had the night before." The defendant's father, Mr. Lehman, testified he went to his son and asked him where the gun was. The father then took the gun and voluntarily turned it over to the sheriff. Mr. Lehman testified that without comparing serial numbers he could not say whether state's Exhibit 15 was the one he gave the sheriff, but that it looked "identical to the gun he gave the sheriff." The sheriff testified that Exhibit 15 was the gun that the defendant's father turned over to him.

■ We think there is no merit to defendant's point for two reasons. First, he made no objection to the pistol's introduction into evidence. Second, identification of a weapon allegedly used in committing a crime need not be wholly unqualified in order to make the instrument itself admissible. *State v. Stancliff*, 467 S.W.2d 26, 30 (Mo.1971); *State v. Kern*, 447 S.W.2d 571, 575 (Mo.1969). We think it apparent that based on the above testimony, the trial court committed no error in allowing the introduction of the evidence. The weight to be given the identification was for the jury. *State v. Stancliff*, 467 S.W.2d at 30.

■ In his second point, defendant contends the trial court erred in admitting Exhibits 1–11, photographs of Danny Epperson's pickup truck as it appeared on the morning after the shooting. Epperson testified the photographs fairly represented the appearance of his truck at that time.

curred.

Defendant only objected to one of the 11 photographs, Exhibit No. 8, because it was identical to Exhibit No. 7. He has not pursued this objection on appeal.[3] It is well settled that the admissibility of photographs is a matter resting largely within the broad discretion of the trial court. *State v. Burnfin*, 606 S.W.2d 629, 630 (Mo. 1980). Photographs of the scene of an alleged crime are admissible if they depict the conditions and circumstances surrounding it, corroborate the testimony of other witnesses for the state or aid the jury in throwing light on any material issue in the case. *State v. Lee*, 549 S.W.2d 934, 939 (Mo.App.1977). Here the photographs showed the interior and exterior of the vehicle in which the victim was shot and corroborated parts of the testimony of several witnesses for the state. There was no error in allowing the photographs into evidence.

Defendant next contends that the court erred in admitting into evidence Exhibits 12, 13, and 14, photographs of the victim taken in the emergency room of the hospital on the night of the shooting. The sheriff testified that these exhibits accurately portrayed Greg Hamilton at that time.

Defendant impliedly acknowledges that photographs are admissible in an assault case to show the nature and location of wounds. *State v. Lawson*, 585 S.W.2d 247, 251–52 (Mo.App.1979). He argues though that the photographs were inflammatory and because of all the blood surrounding the wound, it could not be seen.

Here, defendant was charged with causing serious physical injury to the victim. It is evident these photographs aided the jury in determining the seriousness of the injury and thus were relevant to a material issue in the case. *State v. Lee*, 549 S.W.2d 934, 939 (Mo.App.1977). That the photographs were inflammatory does not prevent their admission into evidence. *State v. White*, 494 S.W.2d 687, 689–90 (Mo. App.1973).

In his fourth point, defendant contends the trial court erred in overruling his motion for acquittal at the close of the state's case. Defendant did not file a motion for acquittal at the close of all of the evidence. Defendant offered evidence on his behalf and thereby waived any claim of error as to his motion for acquittal at the close of the state's case. *State v. Brueckner*, 617 S.W.2d 405, 410 (Mo.App.1981). Moreover, based on our careful review of the transcript and the exhibits, it is manifestly clear the state made a submissible case.

In defendant's fifth point, he asserts an instruction on circumstantial evidence should have been submitted to the jury. Supreme Court Rule 30.06(e) provides that "[i]f a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." Defendant has failed to do so and therefore this point is not subject to review. *State v. Nicolosi*, 588 S.W.2d 152, 157 (Mo.App.1979).

Nonetheless, even had he set forth the proposed instruction, there would be no merit to his contention. MAI–CR2d 3.42 on circumstantial evidence must be given if a circumstantial evidence instruction is appropriate and is requested by the defendant. Notes on Use, note 1.; Rule 28.02(a). Defendant made no request for this instruction; therefore failure of the trial court to submit it to the jury is not a basis for error. *State v. Lasley*, 583 S.W.2d 511, 513–14 (Mo. banc 1979); *State v. Nicolosi*, 588 S.W.2d 152, 157 (Mo.App.1979).

Next, defendant asserts the phrase, "circumstances manifesting extreme indifference to the value of human life," in Instruction No. 6, the state's verdict director, should have been defined. Again, defendant has omitted the instruction in the argument portion of his brief. The verdict director was modeled after MAI–CR2d 19.-

---

**3.** Defense counsel candidly admitted in oral argument that no objections were made to the other 10 photographs for tactical reasons.

04.1. The Notes on Use following this instruction provide for the definition of several words and phrases but not this one. Further, the Notes on Use to MAI–CR2d 33.00 "Definitions," provides that unless expressly required or permitted, a "word or phrase . . . must not be defined even if requested by counsel or the jury." Indeed, the trial court would have comitted error if it had defined this phrase. *State v. Abram,* 537 S.W.2d 408, 411 (Mo. banc 1976).

■ In his seventh point, defendant contends the trial court erred in failing to give an instruction on defendant's good character. The Notes on Use to MAI–CR2d 2.50 state that this instruction must be given, "whenever there is evidence of defendant's general reputation of good character," or "whenever necessary." The first sentence of the instruction recites, "Evidence has been introduced concerning the reputation of defendant as to those traits of character which ordinarily would be involved in the commission of an offense such as that charged in this case." During this trial, there was no evidence of defendant's good character or of any character traits which ordinarily would be involved in the commission of the crime of assault. Consequently, the trial court committed no error in failing to give this instruction.

■ In defendant's last point, he alleges:

> The appellant was prejudiced and is entitled to a new trial due to the acts and omissions of acts performed by the prosecuting attorney who breached his duty to be fair to the appellant as well as the state and to produce all witnesses and evidence necessary to obtain this result.

In the argument portion of his brief, defendant fails to cite any authority in support of his point. We know of no rule of law that requires the state to produce all witnesses or evidence bearing on the case. Defendant could have called any witness or introduced any evidence he thought was beneficial to him. We find no merit to his point.

Affirmed.

SNYDER and CRIST, JJ., concur.